UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES McCREARY, | ) |
| | ) |
| Plaintiff | ) |
| | )   CAUSE NO. 1:11-CV-326 RM |
| v. | ) |
| | ) |
| JOHN KAUFFMAN, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

James McCreary, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he was arrested without a warrant or probable cause. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, doesn't state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that

the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. McCreary alleges that on April 7, 2009, he was arrested without a warrant or probable cause. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001). Therefore, the last day to file these claims was April 7, 2011. Mr. McCreary didn't sign this complaint until more than five months later on September 12, 2011. Although the statute of limitations is an affirmative defense, dismissal is appropriate if the complaint makes clear that the claim is time barred. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674 (7th Cir. 2009).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September  21 , 2011         /s/ Robert L. Miller, Jr.
                                      Judge
                                      United States District Court